```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------
 THOR CORBIN,

                      Petitioner,
                                         MEMORANDUM & ORDER
      - against -                        14cv3200 (ER)(MHD)

 ADA PEREZ,

                      Respondent.
---------------------------------
```

MICHAEL H. DOLINGER,
UNITED STATES MAGISTRATE JUDGE:

Pro se petitioner Thor Corbin seeks a stay of his current petition for a writ of habeas corpus. By that petition he challenges his February 23, 2009 conviction in the New York State Supreme Court, Bronx County, on one count of assault in the first degree (New York Penal Law § 120.10(1)). He is currently serving a fourteen-year sentence based on that conviction.

The petition, filed on April 22, 2014,[1] advances a single claim, that petitioner was denied the effective assistance of trial counsel when his attorney failed to move for a trial order of

---

[1] The petition was filed in the court on April 30, 2014 but was dated and presumably placed in the prison mail on April 22, 2014. (Pet. 16). In accordance with the prison-mailbox rule, we use the date on which an incarcerated litigant placed his document in the prison mailing system. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001).

1

dismissal pursuant to N.Y. Crim. Proc. Law § 290.10 on the ground that the trial evidence was not legally sufficient to establish the offense charged. (Pet. ¶ 12). Petitioner's motion, dated December 1, 2014, seeks a stay so that he may return to state court to assert a claim of ineffective assistance of appellate counsel; if unsuccessful in that proposed coram nobis application, he would amend his petition before us to include that claim. (Motion to Hold Action in Abeyance "Mot."  2-3).

We deny petitioner's motion for a stay.

**BACKGROUND**

The case against Mr. Corbin stemmed from a shooting incident on the evening of August 27, 2007, when an individual identified as Mr. Corbin fired multiple shots from a passing automobile at Malcolm Scott, a high-school student, outside Mr. Scott's Bronx home. (See June 26, 2015 Report and Recommendation for a full recounting of petitioner's criminal proceedings). Trial commenced before the Hon. Michael A. Gross, S.C.J., and a jury on January 20, 2009, and the jury convicted Mr. Corbin of assault in the first degree on February 3, 2009. On March 23, 2009, he was sentenced to fourteen years in prison and five years of post-release

supervision. (Pet. 1-2).

Petitioner appealed his conviction to the Appellate Division, First Department pressing three claims: (1) that the trial court had erred in its ruling at the suppression hearing regarding the victim's ability to identify the defendant; (2) that the jury determination resulting in Mr. Corbin's conviction for first-degree assault was against the weight of the evidence; and (3) that his sentence was harsh and excessive. (Pet. Ex. A). On December 13, 2011, the Appellate Division affirmed the verdict and sentence. People v. Corbin, 90 A.D.3d 478, 934 N.Y.S.2d 389 (1st Dept. 2011). On July 2, 2012, the New York Court of Appeals denied petitioner's application for leave to appeal. People v. Corbin, 19 N.Y.3d 972, 950 N.Y.S.2d 355 (2012).

On March 29, 2013 petitioner filed a pro se motion to vacate his conviction under C.P.L. § 440.10. (Pet. Ex. B). He pressed a single claim, that he had been denied the effective assistance of trial counsel when his attorney failed to move to dismiss the first-degree assault charge under C.P.L. § 290.10 for evidentiary insufficiency. (Id. at 4). On July 31, 2013 Justice Gross denied petitioner's motion. (Resp. Decl. in Oppos. to Pet. Ex. 6). On December 6, 2013 the Appellate Division, First Department, denied

petitioner's application for leave to appeal from that decision. (Id. Ex. 8).

Petitioner filed a timely habeas petition with this court on April 22, 2014, articulating the same claim as he had pursued in his 440.10 motion.

In petitioner's request for stay and abeyance, he indicates that his new claim "is directly related to [his] claim of ineffective assistance of trial counsel." (Id). Although petitioner is less than specific in articulating his proposed state-court procedural vehicle, he is evidently intent on applying for a writ of error coram nobis to assert a claim of denial of effective representation by appellate counsel. See, e.g., People v. Bachert, 69 N.Y.2d 593, 599-600, 509 N.E.2d 318, 322 (1987).

In seeking to explain the timing of his newly articulated claim, petitioner states that only after he had exhausted his remedies in state court and then filed his habeas petition in this Court did he "learn[] that a claim of ineffective assistance of appellate counsel may be cause sufficient to excuse a procedural default, but that the claim must be first raised in the state courts before a federal court may consider the issue." (Mot. 3).

Petitioner argues that since respondent opposes his petition in part because the trial judge relied on a state procedural bar to reject his 440.10 motion, he must demonstrate that he was denied effective assistance of appellate counsel -- presumably for not raising his Sixth Amendment claim on appeal. (Id.).

Respondent urges us to deny petitioner's motion, which he too interprets as previewing a claim of ineffective assistance of appellate counsel based on his appellate attorney's "failure to . . . claim [on direct appeal] ineffective assistance of trial counsel based on the failure to move for a trial under of dismissal [under C.P.L. § 290.10]." (Respondent's Letter in Opposition ("Resp. Letter"), December 11, 2014, Doc. 21, at 2). Respondent argues that "the Appellate Division has already concluded that petitioner's conviction was supported by the weight of the evidence, arguably a more onerous standard of review than legal sufficiency," and that therefore petitioner cannot demonstrate that his trial attorney's omission caused him any prejudice. (Id.). Moreover, respondent reasons, by finding "that the evidence supported a finding of serious physical injury," both the Appellate Division and Justice Gross ruled on both the legal-sufficiency claim and the weight-of-the-evidence claim. (Id.).

Respondent further argues that petitioner does not make the required showing of good cause to justify a stay because his proposed claim of ineffective appellate counsel would inevitably fail in state court. The substance of the claim, respondent argues, has already been ruled upon in his direct appeal, and even if the stay motion were granted, that stay would significantly delay the present petition, in contravention of the principles of streamlined process incorporated in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Id.). Respondent adds that petitioner's statute of limitations under AEDPA has expired, and any claim presented to this Court after June 9, 2014 would be time barred. (Id. at 3). Finally, respondent states that any claim involving petitioner's appellate representation would not relate back under Fed. R. Civ. P. 15(c) to the single claim in his petition arising from his trial. (Id.).

**ANALYSIS**

We deny petitioner's application for two reasons. First, he does not show good cause for failing to file his coram nobis petition in state court before the expiration of the statute of limitations on his habeas petition. Second, his proposed new claim would in any event be futile, whether asserted in state court or in

this proceeding.

A petitioner must demonstrate what the Supreme Court has described as "good cause" to justify staying a habeas proceeding to permit the petitioner to return to state court to exhaust a claim he anticipates adding to his pleading. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Petitioner must further show that the claim in question is not "plainly meritless." Id. Petitioner has not made either showing.

Neither the Supreme Court nor the Second Circuit has defined "good cause" in the context of a motion to stay a habeas proceeding, but courts that have considered the issue generally require that "some factor external to the petitioner gave rise to his failure to assert the claims in state court." Williams v. Marshall, 2011 WL 1334849, *2 (S.D.N.Y. Mar. 30, 2011). See also Rios v. Bradt, 2015 WL 459284, *2 (E.D.N.Y. Feb. 2, 2015)(citing cases); Whitley v. Ercole, 509 F. Supp. 2d 410, 417 (S.D.N.Y. 2007). That said, a few courts have used a "more lenient" standard, based on a finding of "reasonable confusion" on the part of the petitioner regarding the state laws and procedures governing his appeals. Williams, 2011 WL 1334849 at *2 (citing cases). See also Henry v. Lee, 2013 WL 1909415, *6 (E.D.N.Y. May 8, 2013)(discussing

Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)); Nickles v. Conway, 2013 WL 4403922, *4 (W.D.N.Y. Aug. 15, 2013)(quoting Pace, 544 U.S. at 416).

In addition to showing good cause, the petitioner must also demonstrate that the claim he wishes to exhaust is not "plainly meritless" and that he has not "deliberately engage[d] in dilatory tactics." Rhines, 544 U.S. at 277-78. "'Stay and abeyance should be available only in limited circumstances' so as not to undermine the 'twin purposes' of the federal habeas statute: 'encouraging finality' and 'streamlining federal habeas proceedings.'" Holquin v. Lee, 2013 WL 3344070, *2 (S.D.N.Y. July 2, 2013)(quoting Rhines, 544 U.S. at 277).

Petitioner fails under both the lenient and the stricter standards to show good cause to stay his petition. Moreover, the claim that he seeks to bring before the state courts and then here is both time-barred under federal law and plainly meritless.

Petitioner's sole stated reason for failing until now to raise his ineffective-assistance-of-appellate-counsel claim is that he learned -- presumably after his habeas petition was filed and fully briefed, but he does not state when or under what circumstances --

8

that such a claim could "excuse a procedural default." (Mot. 3). Petitioner asserts that he needs to perfect his claim targeting his appellate counsel in order to surmount respondent's argument that the claim in his habeas petition (attacking the performance of his trial attorney) is barred from federal review. (Id.)(See Resp. Mem. 5). However, as we have noted under similar circumstances, if a pure afterthought such as this were sufficient to justify a stay, "the 'good cause' standard -- however defined -- would effectively be eviscerated." Williams, 2011 WL 1334849 at *2.

But there is more that undermines petitioner's effort to show good cause to stay this petition. Petitioner also did not act with diligence to pursue this claim, even though he was made aware of it with substantial time remaining before the habeas statute of limitations would have expired. Justice Gross, in addressing the failure of Mr. Corbin to assert his ineffective-trial-counsel claim on direct appeal, wrote that "there were clearly sufficient facts in the record to have allowed appellate review of defendant's claim. However, defendant unjustifiably failed to raise this issue on direct appeal." (Resp. Decl. Ex. 6 at 4). This observation referred to the requirement under N.Y.C.P.L. 440.10(2)(c) that a defendant utilize direct appeal for claims based on the trial record. Justice Gross held that the claim of ineffective trial

9

counsel was procedurally barred from review in a 440.10 motion because petitioner's appellate counsel had failed to assert it on direct appeal. (Id.). The judge's observation in this respect was plain enough for a layman such as petitioner to appreciate that he may have been failed by his appellate attorneys when they did not assert an ineffective-assistance claim on direct appeal, and yet petitioner failed to act in a timely fashion on this potential claim.

Petitioner's 440.10 motion was denied on July 31, 2013, which was more than ten months before the expiration of his statute of limitations under the AEDPA.[2] As noted, some habeas courts have granted petitioners' motions for stay and abeyance when they have demonstrated legitimate confusion over the meaning of a court decision. See, e.g., Nickles, 2013 WL 4403922 at *5 (granting stay in part because the appellate court's affirmance did not explain that "the lack of preservation was due to trial counsel's failure to move for a trial order of dismissal"); Whitley, 509 F. Supp. 2d at 420 (granting stay in part because the Appellate Division had not explained its ruling in terms the petitioner could understand); Henry, 2013 WL 1909415 at *7 (granting stay in part because "the

---

[2] See discussion of the statute of limitations period in this case, pp. 12-14, infra.

nuances of the Appellate Division's ruling caused confusion on Henry's part regarding the continued viability of [his] claim"). However, even granting the possibility that confusion or ignorance by a petition might excuse delay -- and we do not so hold -- in this case petitioner received a plain-language explanation of a claim open to him with ample time remaining for him to file an application for coram nobis with regard to this claim, and we do not see -- nor does petitioner allege -- how arguable confusion justifies the timing of petitioner's assertion of his new claim.

Petitioner also fails to justify his motion under the stricter interpretation of "good cause." He does not allege that he was prevented or dissuaded from asserting his claim against appellate counsel through the state courts, and we do not infer from any facts presented that such an external factor affected him. See, e.g., Nickles, 2013 WL 4403922 at *6 (granting motion in part because legal advisors wrote a letter to the petitioner erroneously advising him not to pursue any collateral motions such as a coram nobis).

Even if petitioner had shown good cause for his failure to file a coram-nobis application, he cannot show that the claim has the necessary potential merit to justify staying these proceedings.

11

First, the claim, if asserted in these proceedings, would be time-barred, and, second, it would plainly fail on merits review by a state court and then here.

The AEDPA imposes a one-year time limit for filing a habeas application, and it runs from the date on which the state-court judgment of conviction becomes final. 28 U.S.C. 2244(d)(1)(A). A conviction becomes final upon the expiration of the 90-day period a defendant has to petition for a writ of certiorari. S. Ct. R. 13(1); see Pratt v. Greiner 306 F.3d 1190, 1195 n.1 (2d Cir. 2002). The one-year period is also tolled for the pendency of any "properly filed" collateral challenge to the conviction. 28 U.S.C. § 2244(d)(2). See, e.g., Saunders v. Senkowski, 587 F.3d 543, 548 (2d Cir. 2009).

Mr. Corbin's conviction became final on July 2, 2012 when the New York Court of Appeals denied his leave application; therefore, the statute of limitations under AEDPA began to run 90 days later, on September 30, 2012. Mr. Corbin filed his section 440.10 motion on March 29, 2013, which tolled his one-year clock for 252 days, during the pendency of his motion, until December 6, 2013, when the Appellate Division denied him leave to appeal. See, e.g., Ramos v. Walker, 88 F. Supp. 2d 233, 235 (S.D.N.Y. 2000)(citing 28 U.S.C. §

2244(d)). Following the denial of leave by the Appellate Division on his section 440.10 motion,[3] petitioner had until June 9, 2014 -- 252 days after the original expiration date of September 30, 2013 -- to file a timely petition with this court. A coram nobis application filed between December 6, 2013 and June 9, 2014 would have further tolled the one-year limitations period under 28 U.S.C. 2244(d)(1)(A); however, once the statute of limitations expired, no new collateral challenge in state court could reset the AEDPA limitations clock. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)("If the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court."). Petitioner's stay motion, resting on the need to commence an application for a writ of coram nobis, was filed on December 1, 2014, nearly six months after the statute of limitations had expired. The proposed new claim of ineffective assistance of appellate counsel, if asserted here, would be presumptively untimely in this proceeding.

---

[3] The "last stop" for a section 440.10 petition is the Appellate Division's denial of leave to appeal, because that is the only "properly filed" application for leave to appeal available under section 440.10. See Clark v. McKinney, 2007 WL 2126273, *6 (E.D.N.Y. July 24, 2007); Ramos, 88 F. Supp. 2d at 236.

To rescue these claims from a time bar, Mr. Corbin would have to demonstrate that they relate back to a claim in his original petition under Fed. R. Civ. P. 15(c). In addressing the application of Rule 15(c) to habeas petitions, the Supreme Court has held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005).

Petitioner cannot escape a time bar on his proposed addition of a claim of ineffective assistance of appellate counsel because, under Rule 15(c) and Mayle, it does not relate back to his claim of ineffective assistance of trial counsel. The claim of ineffective appellate counsel concerns the performance of the appellate attorneys during petitioner's appeal from his conviction. Hence, it addresses events distinct in time and substance from the claim asserted in the original petition, which targeted the trial lawyer's conduct occurring during the trial. See, e.g., Sookoo v. Heath, 2011 WL 6188729, *5 (S.D.N.Y. Dec. 12, 2011)(citing Mayle, 545 U.S. at 657).

Mr. Corbin's proposed new Sixth Amendment claim -- which we

14

surmise would fault his appellate counsel for not arguing on direct appeal that his trial counsel's failure to make a 290.10 motion denied him effective representation -- would also be futile because the substance underlying the claim was addressed on Mr. Corbin's state-court appeal and found to lack merit. As Justice Gross explained in his denial of petitioner's 440.10 motion, the Appellate Division addressed defendant's claim regarding the inadequacy of the evidence on direct appeal and rejected that claim. (Resp. Decl. Ex. 6 at 3). Specifically, the Appellate Division held that the prosecution had introduced evidence that sufficed to demonstrate that the victim had suffered "protracted impairment of health" and thereby satisfied the "serious injury" element of the first-degree assault charge. (Id. at 3-4).

To succeed on a claim of ineffective appellate counsel, petitioner would have to demonstrate both deficient representation and prejudice, that is, that "there is some reasonable probability that [the omitted argument] would have succeeded before the state's highest court." Lynch v. Dolce, __ F.3d __, 2015 WL 3771891, *6 (2d Cir. June 18, 2015)(citing Claudio v. Scully, 982 F.2d 798, 805 (2d Cir. 1992)). See generally Strickland v. Washington, 466 U.S. 668, 694-95 (1984). But, as Justice Gross reasoned, "defendant was clearly not prejudiced . . . because the Appellate Division

expressly found that the evidence was sufficient to establish [] the element of serious physical injury. Accordingly, even if counsel had preserved the legal sufficiency issue for direct appeal, it would not have been meritorious." (Resp. Decl. Ex. 6 at 4-5). Since the purported error of trial counsel addressed in petitioner's 440.10 motion -- that his attorney failed to move for dismissal based on insufficiency of the evidence -- was not prejudicial to petitioner, a claim of ineffective assistance of appellate counsel -- ultimately grounded in that same lapse -- would also fail.

Neither does a deeper review of the appellate counsel's conduct yield a different outcome. We consider the "totality of the evidence" in determining whether an error by counsel was so egregious that "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "[P]etitioner must demonstrate that appellate counsel 'omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" Williams, 2011 WL 1334849 at *5 (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)). See, e.g., Lynch, 2015 WL 3771891 at *8. Here, petitioner's appellate counsel challenged the verdict as being against the weight of the evidence, and the Appellate Division found that the evidence was adequate to support

the verdict. Corbin, 90 A.D.3d at 479, 934 N.Y.S. 2d at 390. Under New York law, an evaluation of the weight of the evidence requires a more searching exploration of the evidence presented at trial than does an analysis of the sufficiency of the evidence. See People v. Bleakley, 69 N.Y.2d 490, 495, 515 N.Y.S.2d 761, 763 (1987). Since the Appellate Division rejected petitioner's direct appeal on the weight-of-the-evidence grounds, there is no reason to believe that, but for appellate counsel's failure to assert ineffective assistance on direct appeal, petitioner would have achieved a reversal. Indeed, appellate counsel's reliance on the weight-of-the-evidence claim was anything but a reliance on weaker arguments at the expense of significant and obvious ones. It is a reasonable tactic for counsel to challenge the evidence relied upon for conviction through a claim that requires less deference to the trier of fact. See Sellan v. Kuhlman, 261 F.3d 303, 317 (2d Cir. 2001)("This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.")(quoting Smith v. Murray, 477 U.S. 527, 536 (1986)).

Finally, for reasons noted in our Report and Recommendation on petitioner's current Sixth Amendment claim, we concluded that his attack on the performance of his trial lawyer is meritless. (Report

& Recommendation, June 25, 2015, 26-36). It necessarily follows that his proposed challenge to his appellate counsel's decision to forego assertion of that meritless claim is equally futile.

## CONCLUSION

For the reasons stated, petitioner's motion for a stay of his habeas petition is denied.

**Dated:**   **New York, New York**
             **June 26, 2015**

                                          **So ordered.**

                                          _____
                                          **MICHAEL H. DOLINGER**
                                          **UNITED STATES MAGISTRATE JUDGE**

Copies of the foregoing Memorandum and Order have been sent today to:

David Peter Johnson, Esq.
Bronx County District Attorney's Office
198 East 161st Street
Bronx, NY 10451

Mr. Thor Corbin
09A1797
Downstate Correctional Facility
Red Schoolhouse Road
Fishkill, NY 12524