UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOR CORBIN,

       Petitioner,

  – against –

ADA PEREZ,

       Respondent.

**OPINION AND ORDER**
14 Civ 3200 (ER) (MHD)

Ramos, D.J.:

  On April 30, 2014, Thor Corbin ("Petitioner" or "Corbin"), proceeding *pro se*, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition") on Sixth Amendment grounds. Doc. 1. On October 15, 2014, this Court referred the Petition to Magistrate Judge Michael H. Dolinger. Doc. 15. On June 26, 2015, Judge Dolinger issued a Report and Recommendation (the "Report" or "R&R"), recommending that the Petition be denied, notifying Corbin that he had fourteen days from issuance to file written objections, and informing him that failure to do so timely may constitute waiver. Doc. 25. Although this Court granted Corbin's request for an extension of time to file objections by August 13, 2015, Doc. 28, none were submitted. For the reasons stated herein, this Court directs the entry of judgment as recommended.

  **I.**  **Background**

  On August 27, 2007, an individual identified as Corbin fired multiple shots from a passing vehicle at Malcom Scott ("Scott") outside Scott's home in the Bronx after an earlier confrontation. Doc. 25 at 4–6. One bullet struck Scott in his lower back. He spent three days in the hospital, after which he experienced some pain and was given a cane to assist with minor

difficulties in walking.  *Id.* at 6.  During Corbin's trial more than one year later, Scott testified that he still experienced reduced activity levels and occasional pain, but that he was not really affected by the incident overall.  *Id.*  Testimony from the Emergency Medical Technicians and hospital physicians who treated Scott suggested that, although he was treated under a standard protocol that assumes serious injury for gunshot injuries with no exit wounds, he only experienced minimal bleeding and some pain by his right hip.  *Id.* at 6–7.

At the charging conference, the prosecutor submitted charges on attempted murder, first-degree assault, and the lesser charges of second-degree assault and attempted first-degree assault. *Id.* at 7–8.  The prosecutor included the lesser charges because of the potential view that the evidence of Scott's injury was insufficient to meet the requisite statutory standard for "serious physical injury" required by the Penal Law.[1]  *Id.*  Over defense counsel's objections to all but the attempted murder count, the court submitted all four charges.  At that time, defense counsel explicitly indicated an intent to move for dismissal on sufficiency of the evidence grounds the following day, but he never made any such motion. *Id.* at 8–9.

On February 23, 2009, Corbin was convicted of one count of assault in the first degree pursuant to New York Penal Law § 120.10(1) and was acquitted on all other counts.  On March 23, 2009, he was sentenced to fourteen years incarceration.  *Id.* at 9.  On May 18, 2011, Corbin filed a direct appeal to the Appellate Division, First Department, arguing, *inter alia*, that the jury's implicit determination that Scott had suffered a "serious physical injury" was against the weight of the evidence.  *Id.* at 9–10.  On December 13, 2011, the Appellate Division affirmed both the verdict and the sentence, noting that the evidence relating to Scott's continued pain and

---

[1] A "serious physical injury," for these purposes, means an "impairment of physical condition or substantial pain" that "creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." N.Y. Penal Law § 10(9)–(10).

reduced activity levels supported a finding of serious physical injury in the form of a "protracted impairment of health." *Id* at 10.  On July 2, 2012, the New York Court of Appeals denied Corbin's application for leave to appeal to that court.  *People v. Corbin*, 973 N.E.2d 765 (N.Y. 2012).

Corbin then filed a *pro se* motion to vacate pursuant to Criminal Procedure Law ("C.P.L.") § 440.10 in New York State Supreme Court, Bronx County, claiming insufficiency of the evidence and ineffective assistance of counsel.  Doc. 1 at 58–63.  On July 31, 2013, Justice Michael A. Gross denied that motion on two grounds.  First, Justice Gross found that the sufficiency of the evidence challenge and the ineffective assistance of counsel claim were procedurally barred pursuant to C.P.L. § 440.10(2)(a) and (c), respectively.  *Id.* at 60–61.  Second, Justice Gross found that the ineffective assistance of counsel claim was without merit because even if the objection had been raised, it would not have been meritorious.  *Id.* at 61–62.  This was the last time a state court addressed Corbin's claims before he filed this Petition.

**II.    Standard of Review**

When reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Although *de novo* review applies to findings or recommendations to which timely objections were made, none were raised here, leaving the Court free to adopt all portions of the Report for which there is no facially apparent clear error.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  Finally, when habeas petitions implicate a sufficiency of the evidence inquiry, a habeas court may only overturn a state court's determination that the evidence was sufficient if that decision was objectively unreasonable.  *Coleman v. Johnson*, 566 U.S. 650, 651 (2012).

3

### III. **Discussion**

Corbin asserts a violation of his Sixth Amendment right to effective assistance of counsel resulting from his attorney's failure to file a C.P.L. § 290.10 motion to dismiss for insufficiency of the evidence. The Court finds no clear error with Judge Dolinger's determination that Corbin's claim was procedurally barred. Doc. 25 at 16. Justice Gross denied Corbin's § 440.10 motion raising an identical claim on independent and adequate state procedural grounds, *Jimenez v. Walker*, 458 F.3d 130 (2d Cir. 2006), and Corbin did not avail himself of the limited exceptions to that bar, 28 U.S.C. § 2254(d). Moreover, the Court finds no clear error in Judge Dolinger's determination that Corbin's claim was, in any event, without merit in light of the prior state court rulings on the substantive issues at the heart of this Petition. Doc. 25 at 28–40.

Accordingly, the Report is ADOPTED in full and Corbin's petition for writ of habeas corpus is DENIED. The Clerk of the Court is directed to enter a judgment in favor of Respondent and to close this case. Because the Petition raises no issues worthy of appellate review, 28 U.S.C. § 2253(c), and because Corbin failed to file any written objections, *PSG Poker, LLC v. DeRosa-Grund*, No. 06 CIV. 1104 (DLC), 2008 WL 3852051, at *3 (S.D.N.Y. Aug. 15, 2008), a certificate of appealability will not issue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

It is SO ORDERED.

Dated: September 25, 2019
New York, New York

Edgardo Ramos, U.S.D.J.